# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

May 30, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-0539** (BOR Appeal No. 2052360)
(Claim No. 2017018722)

**FRANCIS E. SZALAY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., ("Murray Energy"), by Denise D. Pentino and Aimee M. Stern, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Francis E. Szalay, by M. Jane Glauser, his attorney, filed a timely response.

The issue on appeal is the reopening of the claim for permanent total disability benefits. The claims administrator denied Mr. Szalay's reopening application on May 17, 2017. On November 22, 2017, the Workers' Compensation Office of Judges reversed the claims administrator's Order. The Office of Judges found that Mr. Szalay met the 50% threshold under West Virginia Code § 23-4-6(n)(1) (2018), and remanded the claim with directions to further process the application for permanent total disability benefits. This appeal arises from the Board of Review's Order dated May 15, 2018, in which the Board affirmed and modified the Order of the Office of Judges. The Board modified the Order to reflect that pursuant to West Virginia Code § 23-4-24(a) (2018), Mr. Szalay may not produce additional evidence of permanent total disability.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Szalay worked at Murray American Energy, Inc.'s, Ohio County Coal Company. On November 16, 2016, he completed a Retiree Enrollment Form, requesting to retire from the company effective November 16, 2016. He indicated on the Enrollment Form that he was 65 years old. He had completed 44.75 years of signatory service at the time of his retirement. The UMWA

1

Health and Retirement Funds sent correspondence to Mr. Szalay on December 2, 2016, advising that his application for a retirement pension had been approved with an effective date being February 1, 2016.

On February 1, 2017, Mr. Szalay filed a workers' compensation claim for occupational noise induced hearing loss. He was examined by Ronald Wilkinson, M.D., on January 26, 2017. Dr. Wilkinson found 21.45% permanent impairment due to occupational noise induced hearing loss, based upon audiology testing. By Order dated April 10, 2017, the claims administrator granted Mr. Szalay a 10.65% permanent partial disability award, which represented the 21.45% recommended by Dr. Wilkinson less the 10.80% permanent partial disability award previously awarded to him in Claim No. 2003043535.

Mr. Szalay filed an application for permanent total disability benefits on April 17, 2017. He listed his prior permanent partial disability awards as follows: Claim No. 930034595, 19% for a low back injury; Claim No. 20030043535, 10.8% for hearing loss; Claim No. 2016017902, 20% for a right hip injury; and Claim No. 2017018722, 10.65% for hearing loss. The permanent partial disability awards received by Mr. Szalay totaled 60.45%. The claims administrator issued an Order dated May 17, 2017, denying Mr. Szalay's application for permanent total disability benefits on the basis that (1) he retired with a regular service pension after 44.7 years of service, thus voluntarily removing himself from the labor market; and (2) he has not reached the required 50% threshold needed to file for a permanent total disability award. Mr. Szalay protested the claims administrator's decision.

On November 22, 2017, the Office of Judges reversed the claims administrator's Order, finding that Mr. Szalay had met the 50% statutory threshold for filing a permanent total disability application. The Office of Judges concluded that the consideration of whether Mr. Szalay's application for permanent total disability benefits was properly rejected on the basis of accepting a retirement pension is premature, as the claims administrator should have limited its reopening review to the issue of whether Mr. Szalay meets the 50% threshold of West Virginia Code § 23-4-6(n)(1).

During litigation, Murray Energy argued that West Virginia Code § 23-4-6(n)(4) provides that no medical impairment existing as the result of any occupational disease, the diagnosis of which is based solely upon symptoms rather than specific, objective and measurable findings, may be included in the aggregation of permanent disability. The record indicates that 21.45% of Mr. Szalay's prior permanent partial disability was attributable to occupational hearing loss. In reviewing Mr. Szalay's protest of the claims administrator's decision, the Office of Judges addressed the arguments made by the employer and concluded that a rating for a permanent partial disability award is not based solely on symptoms but is based on specific, objective, and measurable findings. The Office of Judges found that within the area of disability evaluation for occupational hearing loss there are validity tests to ensure reliability and uniformity for disability awards. The Office of Judges stated that West Virginia Code of State Rules § 85-20-47 (2006) provides that only physicians who are qualified otologists or otolaryngologists may interpret the results of audiograms in assessing the degree of the injured worker's noise induced hearing loss impairment. The Office of Judges also stated that only audiometric results obtained by an

audiologist having a certificate of clinical competence in audiology are acceptable for purposes of awarding compensation. The Office of Judges further noted that an audiologist must adopt the American National Standards Institute ("ANSI") guidelines and perform an annual exhaustive calibration of testing equipment and listening tests, as well as perform specific reliability and validity checks during the course of an audiogram. Also, an otologist or otolaryngologist must use specific step by step formulas when interpreting the testing results to calculate a workers' hearing loss impairment. The Office of Judges concluded that a rating of permanent partial disability in an occupational hearing loss claim is not based solely upon symptoms, but on specific, objective, and measurable medical findings ensured by statutory validity checks and other requirements. Accordingly, the Office of Judges concluded that the claims administrator erred as a matter of law in excluding Mr. Szalay's hearing loss awards of 10.8% and 10.65% from its determination as to whether Mr. Szalay met the 50% threshold for permanent total disability consideration.

On May 15, 2018, the Board of Review adopted the findings and conclusions of the Office of Judges and modified the decision to reflect that Mr. Szalay may not produce additional evidence of his alleged permanent total disability after June 18, 2017, due to his receipt of regular, old-age Social Security benefits. *See* W. Va. Code § 23-4-24(a). The Board of Review affirmed the remainder of the Office of Judges decision, including the conclusion that Mr. Szalay has met the 50% threshold set forth in West Virginia Code § 23-4-6(n)(1).

After review, we agree with the Board of Review's reasoning and conclusions found in its Order dated May 15, 2018. The Office of Judges did not err in concluding that hearing loss has a definite structured calculation for determining impairment which meets the statutory test of specific, objective and measurable findings. The record supports the finding that Mr. Szalay has received the sum of 60.45% in permanent partial disability awards for being considered for the permanent total disability threshold found in West Virginia Code § 23-4-6(n)(1).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 30, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

3